**CUTTING ROOM APPLIANCES CORP.,**
**Plaintiff,**

v.

**WEATHERBEE COATS, Inc., Defendant.**

**Civ. A. 27873.**

United States District Court
N. D. Ohio, E. D.

Nov. 24, 1950.

William C. McCoy, Cleveland, Ohio, Henry L. Burkitt, New York City, for plaintiff.

Singer & Singer, Cleveland, Ohio, Mock & Blum, Joseph Henry Cohen, New York City, for defendant.

CONNELL, District Judge.

Plaintiff herein, a corporation of the state of New York, is the owner of the legal title to United States Letters Patent No. 2,520,895, issued August 29, 1950, for a sheet material spreading machine.

The defendant, Weatherbee Coats, Inc., is a New York Corporation, having a regular and established place of business in the City of Youngstown, Ohio, in this District, wherein acts of infringement against such patent are alleged to have been committed. The manufacturer of the accused (infringing) machine, The Lion Machine Corp. of New York, has not been made a party to this action.

Plaintiff alleges that defendant Weatherbee has infringed on said Letters Patent No. 2,520,895 (hereinafter referred to as the "Gilbert" patent) by using and causing to be used, Sheet Material Spreading Machines embodying the invention of the "Gilbert" patent. By stipulation, the plaintiff relies only upon Claims 3, 14, 16, 18, 20, 29, 31, 38, and 42 of said patent.

Defendant Weatherbee, for its answer, states as its defense that the claims of the patent in suit are invalid and are not infringed by the machine used by defendant. The defense of invalidity of the claims is based on several grounds, including public prior use and sale by the plaintiff and others, anticipation of the alleged invention by prior art patents and publications, fraud in the procurement of the patent in suit, and others. The defendant has also counterclaimed for a declaratory judgment that all forty-two claims of the patent in suit are invalid and not infringed.

The patent in suit was filed on December 19, 1940 with twenty (20) claims. It was assigned to the plaintiff, Cutting Room Appliances Corp. on December 11, 1940. Of the original twenty claims, two were cancelled and the remaining eighteen resulted in claims 1–18. Twenty-four claims were added by amendment during the ten years of prosecution of the patent in suit.

The "Gilbert" patent is a device for spreading and folding layers of cloth or similar material. A carrier travels down a long table, spreading the cloth as it moves. Means are provided for catching and holding the cloth at the end of the table; the carriage device then travels back, spreading a new layer of cloth. In this way, layers of cloth of precise length are built up, the end being firmly gripped by a mechanism which adjusts upward as the pile increases in depth. The cloth is thus prepared so that identical cutting of the several layers is possible in a single operation. Gilbert v. Marzall, 87 U.S. App.D.C. 1, 182 F.2d 389. Automatic spreading machines of this type have long been used in the mass production of clothing and other fabric or paper articles. The Patent Examiner listed eleven referenced patents dating back to May 1, 1906. It appears that all of these machines operate on the same general principle wherein a carriage moves back and forth over a table between two catchers which also serve as end stops. The carriage contains one or two spreader blades for forming a fold in the material. The approach to the basic problems of (a) spreading the cloth smoothly, (b) gripping it firmly at the ends, (c) producing equal layers of cloth, and (d) lifting the mechanism to accommodate the increasing thickness of the cloth, is the principal distinction in these various machines.

Congress has set up a very simple principle for patentability. In Section 101, Title 35 United States Code, Congress states as follows:

"Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title."

The invention or improvement therefore must be new and useful. Plaintiff urges upon the Court as proof of invention, that its own business is "hinged" upon this particular patented machine (P. 9,

Trial Brief) and has grown tremendously since the machine came into existence. Plaintiff further urges that the patent in suit is new and useful from the mere fact that defendant is using it in its plant in Youngstown, Ohio. The Court finds however that such success, assuming it to have been established, is at best some evidence of invention, but that it is no substitute for the novelty and creation which are the prerequisites of patentability. Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, at page 487, 55 S.Ct. 455, 79 L.Ed. 1005.

In Section 282 of Title 35 U.S. Code, Congress provides:

"A patent shall be presumed valid. The burden of establishing invalidity of a patent shall rest on a party asserting it."

The Sixth Circuit Court of Appeals in recognizing this rule stated that " * * the issuance of the patent is enough to show, until the contrary appears, that all of the conditions prerequisite to patentability are present and that a heavy burden rests on the assailant to show invalidity." Forestek Plating & Mfg. Co. v. Knapp Monarch Co., 106 F.2d 554, 557.

As a defense to the infringement action and as the basis for the declaratory judgment action in its counterclaim, the defendant asserts invalidity of the patent in suit by reason of Section 102(b), Title 35 United States Code:

"A person shall be entitled to a patent unless—

"(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or sale in this country, more than one year prior to the date of the application for patent in the United States, or * * *."

The development of the machine of the patent, and its prior public use, is claimed by the defendant Weatherbee as being virtually synonymous. The evidence discloses that Charles J. Sussman, the inventor of the machine shown in the Sussman Patent No. 1,257,421, manufactured and sold an automatic spreading machine similar to the machine of the "Gilbert" patent. This spreader was known as the "Regal" machine and was sold by Sussman from 1918 through 1938. A "Regal" machine was introduced in evidence during the deposition of Charles Halbreich and is defendant's Exhibit "L".

The evidence further discloses that in 1938, shortly after plaintiff was incorporated, it hired Sussman as a consultant and one of the first automatic spreading machines sold by the plaintiff was Sussman's "Regal" machine with plaintiff's initials "C. R. A." applied to the frame. Thereafter, improvements were made in the "Regal" machine resulting in the "Model A" machines. It is the claim of the defendant that the "Gilbert" machine, the patent in suit, is not a patentable improvement over either the "Regal" or "Model A" machines. In this respect it is important to note that the Patent Examiner had no knowledge of either the "Regal" or "Model A" machines at the time of the prosecution of the patent application.

To sustain the defense of public use as to one or more claims, it is enough to show that a practical machine embodying the structure of the particular claims alleged to be void for public use was sold more than one year prior to said filing (application) date. Smith & Griggs Mfg. Co. v. Sprague, 123 U.S. 249, 8 S.Ct. 122, 31 L.Ed. 141; National Biscuit Co. v. Crown Baking Co., 1 Cir., 105 F.2d 422. It is conclusively established in this Circuit that proof of a prior use or anticipation must be "clear and satisfactory"—such as to convince the court beyond a reasonable doubt. Ceramic Process Co. et al. v. Cincinnati Advertising Products Co., D.C., 28 F. Supp. 794.

### Findings of Fact

It is the finding of the Court that the evidence adduced at trial clearly and satisfactorily shows that the prior art, as established by the "Sussman", "Regal" and "Model A" machines, reads on and/or anticipates the claims of the patent in suit. The Court finds that the

**234**

substitution of mechanical structures made by plaintiff on its "Gilbert" machine does not amount to invention. The combination of old parts or elements, in order to constitute patentable invention, must perform or produce a new and useful function or operation other than that theretofore performed or produced by them. It is not sufficient that the combination be superior to what went before in producing a more convenient and economical mechanism. General Motors Corp. v. Estate Stove Co., 6 Cir., 1953, 203 F.2d 912.

In the "Gilbert" patent at page 1, column 1, line 14 through column 2, line 8, the "objects of the invention" state in four different ways that the machine spreads fabric in layers of uniform length. This is the function of the prior art machines. For this purpose all the machines cited by defendant include a spreader consisting of a pair of spreader blades which alternately form folds. As the machine carriage approaches a catcher, an element on the carriage strikes the catcher and operates a mechanism to cause one of the spreader blades to form a fold facing the catcher. The catcher is then automatically actuated to grasp the fold on the spreader blades. When the carriage is moved away, the catcher drops to the table with the fold on the pile already spread. The "Gilbert" machine also operates in exactly the same way; mechanical equivalents being substituted to perform the same operations.

It is the finding of this Court that the patent in suit does not amount to invention. The "Regal" and "Model A" machines either read precisely on or anticipate the "Gilbert" patent in all of its 42 claims. The Court finds that the evidence developed by the defendant of the prior use machines fully meets its burden of proof. Several specific sales of the "Regal" and "Model A" machines prior to December 19, 1939, the critical date for prior public use, have been proved, and in each instance the oral testimony is substantiated by documentary corroboration.

The Court further finds that the fact that plaintiff did not disclose to the Patent Examiner the prior art of the "Regal" and "Model A" machines is not, in itself, without further evidence, sufficient proof of fraud in the prosecution of the patent, such that would warrant the award of attorney fees to the prevailing party.

### Conclusions of Law

The Court concludes that United States Letters Patent No. 2,520,895 issued August 29, 1950, is invalid as to each of the claims thereof by virtue of prior arts in public use and sale for more than one year prior to the date of the application for said patent. In view thereof, it is not necessary for the Court to pass upon the question of infringement. The Court further concludes that an award of attorney fees to the prevailing party is not here appropriate.

For the foregoing reasons, petition for Declaratory Judgment is granted. A decree may be entered in accordance with this opinion in favor of the defendant, Weatherbee Coats, Inc.